DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas which sentenced defendant-appellant, Jeffrey Green, to seven years in prison after Green pled guilty to one count of involuntary manslaughter, a first degree felony. Green now challenges that sentence through the following assignments of error:
 {¶ 2} "I. The trial court erred in sentencing the defendant by not imposing a minimum sentence, in violation of R.C. §2929.14(B).
 {¶ 3} "II. Sentencing in this case violated the Apprendi
doctrine as explained in Blakely v. Washington and was therefore unconstitutional."
 {¶ 4} Upon review, we find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Because the trial court relied on an unconstitutional statute when sentencing appellant, we find that the sentence is void and must be vacated. Foster, supra at ¶ 103-104. Accordingly, appellant's second assignment of error is well-taken and appellant's first assignment of error is moot.
 {¶ 5} On consideration whereof, this court finds that the Sandusky County Court of Common Pleas erred in sentencing appellant and the judgment is reversed. The sentence is hereby vacated and the case is remanded to the trial court for resentencing in accordance with Foster. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J. concur.